IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JOHN C. MORRILL,**   Case No.: **3:25-cv-63**
    Plaintiff,

v.

**BAKER CONSULTING & ENGINEERING, LLC
d/b/a BAKER DESIGN-BUILD**,
Defendant.
_____/

# COMPLAINT

Plaintiff, John C. Morrill ("Plaintiff" or "Morrill"), by and through undersigned counsel, brings this action against Defendant, Baker Consulting & Engineering, LLC d/b/a Baker Design-Build ("Defendant" or "Baker"), and alleges as follows:

# INTRODUCTION

1. This is an action for damages, injunctive relief, and equitable relief based on Defendant's violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.; the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.01 et seq.; and any other applicable federal and state laws.

2. Plaintiff seeks compensation for lost wages, emotional distress, punitive damages, and attorney's fees and costs, as well as declaratory and injunctive relief.

## PARTIES

3. Plaintiff, John C. Morrill, is a citizen of the State of Florida and resides in Jacksonville, Florida.

4. Defendant, Baker Consulting & Engineering, LLC d/b/a Baker Design-Build, is a limited liability company organized under the laws of Florida with its principal place of business in Jacksonville, Florida.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 for claims arising under the ADA and under 28 U.S.C. § 1367 for related state law claims.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in this district, and Defendant conducts business in this district.

## FACTUAL ALLEGATIONS

### Employment Background

7. Plaintiff was hired by Defendant on or about November 6, 2023, as a Superintendent.

8. Plaintiff was assigned to lead concrete crews for Defendant's anticipated Americans with Disabilities Act (ADA) concrete curb-ramp replacements ("ADA Project").

9. Despite the ADA Project being delayed, Plaintiff effectively performed work on other miscellaneous projects for Defendant.

## Disclosure of Disability

10. Plaintiff disclosed his generalized anxiety disorder and post-traumatic stress disorder (PTSD) to his supervisors in or about February 2024.
11. Plaintiff informed his supervisors of his need for weekly medical appointments and the use of a service animal for disability management.
12. Plaintiff requested leave under the FMLA to manage his medical appointments and related disability needs.
13. Plaintiff was met with dismissive comments, including a reference to visiting a "crazy doctor," demonstrating a lack of sensitivity and accommodation by Defendant's management.

## Termination

13. Plaintiff was terminated on or about March 15, 2024.
14. Defendant claimed the termination was due to "lack of work" caused by project delays, but the termination occurred within 48 hours of Plaintiff notifying management of his finalized disability rating.
15. At the same time, the defendant had received multiple new contracts and bids awarded for new construction projects.
16. The defendant likewise hired other workers performing the same or substantially similar functions as the plaintiff was previously employed to perform.
17. Defendant's stated reason for termination is pretextual, as it continued employing individuals in positions less critical to its operations than Plaintiff's.
18. Plaintiff's termination constitutes discriminatory and retaliatory conduct under the ADA and FCRA.

**Defendant's Discriminatory Practices**

19. Defendant failed to provide reasonable accommodations for Plaintiff's disabilities.

20. Defendant maintained a discriminatory workplace environment that tolerated dismissive and derogatory attitudes toward employees with disabilities.

# CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA

21. Plaintiff realleges paragraphs 1–20 as if fully set forth herein.

22. Defendant unlawfully discriminated against Plaintiff by terminating his employment on the basis of his actual or perceived disability.

23. Defendant's actions violated Plaintiff's rights under the ADA, causing economic and emotional harm.

24. Such discrimination is prohibited by the ADA under 42 USC §12112.

### COUNT II: RETALIATION UNDER THE ADA

25. Plaintiff realleges paragraphs 1–20 as if fully set forth herein.

26. Defendant retaliated against Plaintiff for disclosing his disability and asserting his rights to reasonable accommodations.

27. Such retaliation is prohibited by the ADA under 42 U.S.C. §12203.

### COUNT III: DISABILITY DISCRIMINATION UNDER THE FCRA

28. Plaintiff realleges paragraphs 1–20 as if fully set forth herein.

29. Defendant's discriminatory conduct also violated the Florida Civil Rights Act, sections 760.01–760.11 and 509.092 of the Florida Statutes, which prohibits disability-based discrimination.

**COUNT IV: INTERFERENCE AND RETALIATION UNDER THE FMLA**

30. Plaintiff realleges paragraphs 1–20 as if fully set forth herein.

31. Plaintiff exercised his rights under the FMLA by notifying Defendant of his need for medical leave.

32. In violation of 29 USC 2615, Defendant interfered with Plaintiff's FMLA rights by failing to process his leave request and retaliated by terminating him shortly after the request.

33. Defendant's actions were willful and caused Plaintiff to suffer economic and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1. Enter judgment in favor of Plaintiff and against Defendant for violations of the ADA FCRA and FMLA.
2. Award Plaintiff compensatory damages for lost wages, benefits, and emotional distress.
3. Award punitive damages.
4. Grant injunctive relief requiring Defendant to implement training programs and policies to prevent future discrimination and interference with employee rights..
5. Award Plaintiff reasonable attorney's fees and costs.
6. Grant any other relief the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *David Lee Ham, Jr.*

**DAVID LEE HAM, JR.**
Attorney for Plaintiff
Florida Bar No.: 0617921
The Law Offices of David Lee Ham, Jr.
301 W. Bay Street, Suite 1469
Jacksonville, FL 32202
Main #:  (904) 497-0159
Alt. #:  (904) 307-3888
david@hamlawfl.com